# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA ANDESON, individually and as successor in interest to decedent Carlos Baires,<br><br>Plaintiffs<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants | CASE NO. 1:21-CV-0589 AWI SAB<br><br>ORDER VACATING JUNE 28, 2021 HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 6) |

This is a civil rights case that stems from a fatal encounter between decedent Carlos Baires and members of the Fresno County Sheriff's Department and the California Highway Patrol. Currently before the Court is a Rule 12(b)(6) motion to dismiss by the Highway Patrol defendants. Hearing on this motion is set for June 28, 2021.

*Background*

On April 8, 2021, Plaintiff filed her complaint for damages.

On May 19, 2021, Defendants filed a Rule 12(b)(6) motion to dismiss.

On June 9, 2021, Plaintiff filed a First Amended Complaint ("FAC").

*Discussion*

Under Rule 15(a)(1)(B), "A party may amend its pleading once as a matter of course: . . . (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a

motion under Rule 12(b) . . . ." This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015). Some courts have used the term "absolute right" in describing a party's ability to amend under Rule 15(a)(1). E.g. In re Alfes, 709 F.3d 631, 639 (6th Cir. 2013); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010); James Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000). "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case. Ramirez, 806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

Here, Plaintiff filed her FAC on the twenty-first day after Defendants filed their Rule 12(b)(6) motion. Therefore, the FAC was timely under Rule 15(a)(1)(B). Because the FAC was timely filed, the FAC is the operative complaint, and the original complaint is now non-existent and performs no function in this case. See id. Because Defendants' Rule 12(b)(6) motion is attacking a now non-existent complaint, the Rule 12(b)(6) motion is moot. See Ramirez, 806 F.3d at 1008; Hal Roach Studios, 896 F.2d at 1546.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(b)(6) motion to dismiss (Doc. No. 6) is DENIED as moot; and
2. The June 28, 2021 hearing on Defendants' now moot Rule 12(b)(6) motion is VACATED.

IT IS SO ORDERED.

Dated:  June 22, 2021                              _____
                                                   SENIOR DISTRICT JUDGE