UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELINA ANDERSON, individually and as successor-in-interest to decedent Carlos Baires,**<br><br>**Plaintiff**<br><br>v.<br><br>**THE COUNTY OF FRESNO, FRESNO COUNTY SHERIFF DEPUTY JOHN ROBINSON, CALIFORNIA HIGHWAY PATROL OFFICER STEVE SWANSON, and DOES 1-30 inclusive,**<br><br>**Defendants** | **CASE NO. 1:21-CV-0589 AWI HBK**<br><br>**ORDER ON DEFENDANTS' RULE 41(b) MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>(Doc. No. 21) |

This is a civil rights dispute that arises from the fatal encounter between decedent Carlos Baires and officers from the Fresno County Sheriff's Department and the California Highway Patrol.

*Procedural Background*

Currently pending before the Court is Fresno County and Fresno County Sheriff's Deputy John Robinson's (collectively "County Defendants") Rule 41(b) motion to dismiss. The County Defendants argue that they served interrogatories and requests for production on Plaintiff Angelina Anderson on December 2, 2021, following a case management hearing on November 18, 2021. Counsel for the County Defendants represent that they received a request on December 30, 2021, for an extension of time to respond to the discovery by Anderson's counsel and that Anderson's counsel explained that he was having trouble contacting Anderson. See Doc. Nos. 21-1, 21-2. A 30-day extension to respond to the discovery was agreed. See id.

On January 14, 2022, Anderson's counsel asked for another 30-day extension because he was still having trouble communicating with Anderson. See id. The parties agreed to a second 30-day extension. See id.

On February 14, 2022, Anderson's counsel advised the County Defendants that he was no longer in contact with Anderson and would be unable to respond to discovery and were attempting to draft a stipulated dismissal. See id. However, on February 25, 2022, Anderson's counsel advised that a stipulation was not possible because Anderson appeared to have disappeared and thus, could not consent. See id. Anderson's counsel suggested that the County Defendants file a dismissal under Rule 41(b). See id.

The County Defendants responded by filing this Rule 41(b) motion to dismiss for failure to prosecute. Anderson has not opposed or responded to the Rule 41(b) motion in any way. Co-Defendant Steve Swanson has joined the Rule 41(b) motion, and the County Defendants filed a reply in which they requested that the dismissal be without prejudice. See Doc. Nos. 22, 23.

*Legal Standard*

Federal Rule of Civil Procedure 41(b) gives defendants the ability to move for dismissal due to a plaintiff's failure to prosecute her case. See Fed. R. Civ. P. 41(b). The "harsh penalty" of dismissal under Rule 41(b) should be imposed only in extreme circumstances. Tillman v. Tillman, 825 F.3d 1069, 1074 (9th Cir. 2016). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In determining whether to dismiss a case under Rule 41(b) for failure to prosecute, courts must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 (9th Cir. 2019); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

*Discussion*

After considering the docket and the submissions to date, the Court concludes that dismissal under Rule 41(b) for failure to prosecute is appropriate. As far as the Court can tell,

Anderson has not participated in this case for almost a year. Anderson's attorneys have been unable to reach her, and it is apparent that she has abandoned both this case and her attorneys. Under such circumstances, meaningful discovery is impossible, and there is no apparent way forward for this case to be resolved on the merits. With Anderson's abandonment of the case and her attorneys, the Court is aware of no other alternatives apart from dismissal. Anderson's actions have resulted in nearly an entire year's delay, which is unreasonable. Anderson's lack of participation continues to create unreasonable delay, which only prejudices the Defendants. Moreover, the Eastern District of California – Fresno Division's docket is one of the worst and most overcrowded dockets in the nation. There is no utility gained in keeping this abandoned case open on the Court's impacted docket; the Court is not required to care more about Anderson's case than Anderson does herself. For these reasons, the Rule 41(b) factors weigh heavily in favor of dismissal. In line with the Defendants' request, the Court will dismiss this case under Rule 41(b) without prejudice for failure to prosecute.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 41(b) motion to dismiss (Doc. No. 21) for failure to prosecute is GRANTED;
2. This case is DISMISSED without prejudice; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   October 27, 2022                        _____
                                                                      SENIOR DISTRICT JUDGE